IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GANART TECHNOLOGIES, INC.<br>　　　　Plaintiffs,<br><br>V.<br><br>TURNKEY KIOSKS, LLC<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 3:14-cv-616 |

**DEFENDANT TURNKEY KIOSK, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, REQUEST FOR TEMPORARY INJUNCTION AND REQUEST FOR PERMANENT INJUNCTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant TurnKey Kiosks, LLC ("TurnKey") submits the following Answer to Plaintiff's Second Amended Complaint, Request for Temporary Injunction, and Request for Permanent Injunction ("the Second Amended Complaint").

1. TurnKey denies each and every allegation contained in the Second Amended Complaint and each claim for relief thereof, which is not hereinafter expressly admitted to or otherwise pleaded to.

2. Upon information and belief, TurnKey admits the allegations of Paragraph 2 of the Second Amended Complaint.

3. TurnKey admits the allegations set forth in Paragraphs 3, 4 and 5 of the Second Amended Complaint.

4. Answering Paragraph 6 of the Second Amended Complaint, TurnKey is unable to admit or deny the allegations set out in Paragraph 6, and therefore, denies the same.

5. TurnKey admits the allegations set forth in Paragraphs 7 and 8 of the Second Amended Complaint.

6. Answering Paragraph 9 of the Second Amended Complaint, TurnKey admits that the parties signed a Non-Disclosure and Confidentiality Agreement ("NDA") on December 6, 2011 and that Exhibit A to the Second Amended Complaint is a copy of that NDA. TurnKey further admits that, after signing the NDA, the parties each exchanged confidential and non-confidential information with the other party. TurnKey denies the remaining allegations set out in Paragraph 9 of the Second Amended Complaint.

7. Answering Paragraph 10 of the Second Amended Complaint, TurnKey admits only that it adapted one of its pre-existing TK8200 kiosks for use with Plaintiff's software platform, and that Plaintiff provided TurnKey with its software to be loaded on the kiosks that were jointly developed by TurnKey and Plaintiff. TurnKey denies the remaining allegations set out in Paragraph 10 of the Second Amended Complaint, and specifically that there was anything proprietary about the palm vein scanner assembly.

8. Answering Paragraph 11 of the Second Amended Complaint, TurnKey admits that it sent one of its TK8200 kiosks to Plaintiff for testing. TurnKey denies the remaining allegations set out in Paragraph 11 of the Second Amended Complaint.

9. Answering Paragraph 12 of the Second Amended Complaint, TurnKey admits that it sent one of its TK8200 kiosks to Plaintiff for testing. TurnKey denies the remaining allegations set out in Paragraph 12 of the Second Amended Complaint.

10. Answering Paragraph 13 of the Second Amended Complaint, TurnKey admits only that Gary Strachan, Kelly Strachan, Margaret Strachan, and Casey Strachan visited Plaintiff's corporate offices in December 2012. TurnKey denies the remaining allegations set out in Paragraph 13 of the Second Amended Complaint.

11. Answering Paragraph 14 of the Second Amended Complaint, TurnKey admits that it installed a palm vein scanner assembly in a demonstration unit that was kept in Phoenix,

Arizona and another palm vein scanner assembly that was part of the kiosk that was maintained at Plaintiff's office in Texas. TurnKey denies the remaining allegations set out in Paragraph 14 of the Second Amended Complaint.

12. Answering Paragraph 15 of the Second Amended Complaint, TurnKey admits that it shipped a modified TK8200 kiosk to Plaintiff, which was maintained at a factory location in Carrollton, Texas. TurnKey further admits that Plaintiff never paid for the kiosk and used it to generate revenue and profit for its business. TurnKey denies the remaining allegations set out in Paragraph 15 of the Second Amended Complaint.

13. Answering Paragraph 16 of the Second Amended Complaint, TurnKey admits that it visited Plaintiff's office in Texas and made certain hardware modifications to one of the two demonstration kiosks located at Plaintiff's business. TurnKey denies the remaining allegations set out in Paragraph 16 of the Second Amended Complaint.

14. Answering Paragraph 17 Second Amended Complaint, TurnKey admits that Plaintiff sent TurnKey a hard drive with its proprietary software. TurnKey denies the remaining allegations set out in Paragraph 17 of the Second Amended Complaint.

15. Answering Paragraph 18 of the Second Amended Complaint, TurnKey admits that, with the full knowledge and approval of Plaintiff, it removed certain devices from the demo unit to assist in upgrading the design of the kiosk for a prospective customer. TurnKey denies the remaining allegations set out in Paragraph 18 of the Second Amended Complaint.

16. Answering Paragraph 19, TurnKey admits only that it continued to make changes to the kiosk to accommodate the needs of prospective customers and that it made those changes with the full knowledge and approval of Plaintiff. TurnKey denies the remaining allegations set out in Paragraph 19 of the Second Amended Complaint.

17. Answering Paragraph 20 of the Second Amended Complaint, TurnKey admits that it contacted Plaintiff to request that Plaintiff enable the software for a demonstration for a prospective customer. TurnKey denies that it made an "emergency" call to Plaintiff. TurnKey

further admits that it demonstrated the kiosk and the software to the prospective customer, as it indicated it would do.  TurnKey denies the remaining allegations set out in Paragraph 20 of the Second Amended Complaint.

18. Answering Paragraph 21 of the Second Amended Complaint, TurnKey admits that Plaintiff returned the demonstration kiosk to TurnKey in Arizona so that it could be sold to a prospective customer because Plaintiff did not want to pay for the kiosk.  TurnKey further admits that Plaintiff erased its software from the hard drive and removed its third-party devices from the kiosk before shipping it to Arizona.  TurnKey denies the remaining allegations set out in Paragraph 21 of the Second Amended Complaint.

19. Answering Paragraph 22 of the Second Amended Complaint, TurnKey admits that it contacted Plaintiff to request that it enable the kiosk located in Phoenix, Arizona for demonstration to a prospective customer.  TurnKey denies the remaining allegations set out in Paragraph 22 of the Second Amended Complaint.

20. Answering Paragraph 23 of the Second Amended Complaint, TurnKey admits the lab kiosk was returned to TurnKey.  TurnKey denies the remaining allegations set out in Paragraph 23 of the Second Amended Complaint.

21. TurnKey admits the allegations set forth in Paragraphs 24, 25, and 26 of the Second Amended Complaint.

22. Answering Paragraph 27 of the Second Amended Complaint, TurnKey admits that UPS picked up the lab kiosk from Plaintiff's business.  TurnKey denies the remaining allegations set out in Paragraph 27 of the Second Amended Complaint.

23. Answering Paragraph 28 of the Second Amended Complaint, TurnKey admits only that the kiosk sent an email to Ganart advising that the ID Tech (ID scanner) device was not working.  TurnKey denies the remaining allegations set out in Paragraph 28 of the Second Amended Complaint.

24. Answering Paragraph 29 of the Second Amended Complaint, TurnKey admits that it designed a prototype kiosk for Robocoin. TurnKey denies that the Robocoin kiosk is the same model manufactured by TurnKey for Ganart. TurnKey admits that the Robocoin kiosk used the some of the same components as the palm vein scanner assembly as the Ganart kiosk. TurnKey understood that it was authorized to use those components because TurnKey had modified some of the components of the palm vein scanner assembly with permission from Ganart, and TurnKey reasonably believed that because it had modified those components that they components were no longer Ganart's proprietary components. TurnKey also alleges that when Ganart objected to use of the components in the Robocoin kiosk, TurnKey removed the entire scanner assembly and replaced it with an off-the-shelf scanner manufactured by a third party. TurnKey then returned the initial scanner to Ganart. TurnKey denies that the Robocoin customer registration process is the same as Ganart's so-called "Self-Service Registration at Kiosk." TurnKey further asserts that the Robocoin kiosk uses different software than the Ganart kiosk. TurnKey denies the remaining allegations set out in Paragraph 29 of the Second Amended Complaint.

25. TurnKey denies the allegations of Paragraphs 30 and 31 of the Second Amended Complaint.

26. Answering Paragraph 32 of the Second Amended Complaint, TurnKey realleges and incorporates herein by reference all previous allegations, denials and admissions set forth in Paragraphs 1 through 25 of this Answer.

27. TurnKey denies the allegations set out in Paragraphs 33 through 40 of the Second Amended Complaint.

28. Answering Paragraph 41 of the Second Amended Complaint, TurnKey realleges and incorporates herein by reference all previous allegations, denials and admissions set forth in Paragraphs 1 through 27 of this Answer.

29.     Answering Paragraph 42 of the Second Amended Complaint, TurnKey admits that the parties entered into the NDA.

30.     TurnKey denies the allegations set out in Paragraphs 43 through 46 of the Second Amended Complaint.

31.     Answering Paragraph 47 of the Second Amended Complaint, TurnKey realleges and incorporates herein by reference all previous allegations, denials and admissions set forth in Paragraphs 1 through 30 of this Answer.

32.     TurnKey denies the allegations set out in Paragraphs 48 through 50 of the Second Amended Complaint.

33.     Answering Paragraph 51 of the Second Amended Complaint, TurnKey realleges and incorporates herein by reference all previous allegations, denials and admissions set forth in Paragraphs 1 through 32 of this Answer.

34.     TurnKey denies the allegations set out in Paragraphs 52 through 56 of the Second Amended Complaint.

35.     Answering Paragraph 57 of the Second Amended Complaint, TurnKey realleges and incorporates herein by reference all previous allegations, denials and admissions set forth in Paragraphs 1 through 34 of this Answer.

36.     TurnKey denies the allegations set out in Paragraph 58 of the Second Amended Complaint.

37.     Answering Paragraph 59 of the Second Amended Complaint, TurnKey admits only that Plaintiff has correctly quoted a portion of the NDA.  TurnKey denies that Plaintiff is entitled to any relief pursuant to the quoted section or otherwise.

38.     TurnKey denies the allegations set out in Paragraphs 60 through 62 of the Second Amended Complaint.

39.     Answering Paragraph 63 of the Second Amended Complaint, TurnKey realleges and incorporates herein by reference all previous allegations, denials and admissions set forth in Paragraphs 1 through 38 of this Answer.

40.     TurnKey denies the allegations set out in Paragraphs 64 and 65 of the Second Amended Complaint.

41.      TurnKey denies that Plaintiff is entitled to any relief requested in the prayer for relief following Paragraph 65 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

42.     TurnKey affirmatively alleges that the Second Amended Complaint fails to state a claim upon which relief can be granted.

43.     TurnKey affirmatively alleges that it has not breached, materially or otherwise, any duty, legal or otherwise allegedly owed to Plaintiff.

44.     As an additional affirmative defense, TurnKey asserts set-off.

45.     As an additional affirmative defense, TurnKey asserts recoupment

46.     As an additional affirmative defense, TurnKey asserts that Plaintiff's claims are barred by the doctrine of unclean hands.

47.     As an affirmative defense, TurnKey maintains Plaintiff has failed to maintain its alleged trade secrets as trade secrets and has taken insufficient action to protect the secrecy of such information.

48.     TurnKey affirmatively alleges that Plaintiff has failed to mitigate its damages.

49.     TurnKey affirmatively alleges that Plaintiff's alleged damages are barred to the extent they are speculative in nature.

50.     TurnKey denies that it is guilty of conduct that entitles Plaintiff to recovery of exemplary damages, and any award of such damages would be violative of constitutional safeguards provided to TurnKey.

51. TurnKey affirmatively alleges that any award of exemplary damages that is not based on the substantive limitations and principles set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003) and *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), would violate TurnKey's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

52. TurnKey reserves the right to interpose additional affirmative defenses as they may arise during the course of discovery.

53. TurnKey is entitled to an award of attorneys' fees and costs pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001 and 134A.005.

54. TurnKey hereby demands a trial by jury, pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Second Amended Answer, TurnKey respectfully requests the Court enter judgment as follows:

A. That Plaintiff's Second Amended Complaint be dismissed with prejudice and that Plaintiff take nothing thereby.

B. That TurnKey have judgment on Plaintiff's Second Amended Complaint.

C. That TurnKey be awarded its attorneys' fees and costs incurred in defending this action.

D. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DAVIS MILES MCGUIRE GARDNER, PLLC

By: /s/ David W. Williams
David W. Williams, admitted Pro Hac Vice
Joshua W. Carden
Texas Bar No. 24050379
545 E. John Carpenter Freeway, Suite 300
Irving, Texas 75062

                                                P. 972.674.3885
                                                F. 972.674.2935
                                                dwilliams@davismiles.com
                                                jcarden@davismiles.com
                                                Attorney for Defendant, TurnKey Kiosks, LLC

## **CERTIFICATE OF SERVICE**

On July 11, 2014, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                 /s/ David W. Williams
                                                David W. Williams