IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GANART TECHNOLOGIES, INC. | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | 3:14-CV-00616-BF |
| | § | |
| TURNKEY KIOSKS, LLC AND | § | |
| ROBOCOIN TECHNOLOGIES, LLC | § | |

## STIPULATED PROTECTIVE ORDER

WHEREAS discovery in the above-captioned federal action (the "Litigation") is expected to entail the production by the parties of highly sensitive and confidential information;

WHEREAS the public disclosure of such confidential information may substantially injure the party producing such information and/or the source of that confidential information;

WHEREAS the parties have compelling interests in preventing the public disclosure of such confidential information, which interests outweigh any public interest in obtaining information exchanged by the parties in the Litigation; and

WHEREAS the entry of this Stipulated Protective Order is a necessary condition to the parties proceeding with discovery of such confidential information in the Litigation;

IT IS HEREBY STIPULATED AND AGREED, among the undersigned attorneys for the parties (each, a "Party" and, collectively, the "Parties") to this Litigation, AND HEREBY ORDERED under Rule 26(c)(1) of the Federal Rules of Civil Procedure that:

1. This Stipulated Protective Order (the "Protective Order") will govern the designation and handling of documents, electronic data and information, including deposition testimony, responses to interrogatories and other materials (collectively, the "Material") produced or provided by the Parties or any non-party (each, a "Producing Party") in any discovery sought or provided in this Litigation. The Party receiving materials from the Producing Party is referred to as the "Receiving Party."

2. Any Producing Party may designate as "Confidential" the following documents or information, if the Producing Party in good faith believes that those documents or information contain confidential, sensitive, personal and/or financial information, which the Producing Party contends should be protected from disclosure under this Protective Order – including but not limited to Material containing confidential and personally identifiable information including, without limitation, names, social security numbers, federal identification numbers, personal telephone numbers, addresses, personal e-mail addresses, details of personal finances, income tax returns and other confidential financial information of the Parties, their employees, and any proprietary information or trade secret (hereinafter "Confidential Information").

3. Any Producing Party may designate as "Attorneys' Eyes Only" those Materials that the Producing Party deems especially sensitive, which may include, but is not limited to, proprietary, confidential, business, operational, financial, marketing, customer, commercial, or any other sensitive information, the disclosure of which is likely to cause harm to the competitive position or business interests of the Producing Party.

4. <u>GOOD CAUSE STATEMENT</u>. The Parties agree that good cause exists for entering this Protective Order as to Confidential and Attorneys' Eyes Only Material.

5. Confidential and Attorneys' Eyes Only Material produced in this Litigation will be used solely and exclusively for the purposes of the prosecution and/or defense of this Litigation; it will not be used by the Parties for any other purpose.

6. A Producing Party may designate information as Confidential or Attorneys' Eyes Only Material by conspicuously marking or stamping documents (or the first page of a multi-page document provided that the document is securely bound), other information, or electronic media as "Confidential" or "Attorneys' Eyes Only," respectively. A Producing Party may also

designate any electronic media as "Confidential" or "Attorneys' Eyes Only" by informing recipients in writing of such designation. Pages of deposition transcripts discussing Confidential Material may also be designated "Confidential" by any party, and shall be marked as such by the court reporter transcribing the deposition. The recipients will treat print-outs of any such electronic media that has been designated as "Confidential" in accordance with the terms of this Protective Order as Confidential Material without the requirement of further written notification or designation.

7. Due to the substantial number of documents to be produced containing Confidential or Attorneys' Eyes Only Material, it may be impracticable for a Producing Party to stamp all documents as such prior to their inspection by another Party, and it would be costly, time consuming and inefficient for one Party to review and stamp all of those documents "Confidential" or "Attorneys' Eyes Only" before the other Party reviews them and selects those documents they want copied and produced. Therefore, the Parties agree that all documents that are produced for inspection will be treated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order until the Producing Party has had the opportunity to stamp them "Confidential" or "Attorneys' Eyes Only" at the time they are copied for production.

8. The Parties agree to exercise good faith in evaluating whether Materials should be designated Confidential and/or "Attorneys' Eyes Only" under this Protective Order. A Party desiring to file a document containing Confidential Material may do so without filing the document under seal so long as all Confidential Material is redacted from the document. Otherwise, the document shall be filed under seal. Any Material designated "Attorneys' Eyes Only" shall only be filed under seal.

9. If a Party, through inadvertence, produces any Confidential or Attorneys' Eyes

Only Material without labeling or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written notice and replacement copies to counsel to the Receiving Party, and the Receiving Party will treat the inadvertently produced Material as if it had been originally labeled as "Confidential" or "Attorneys' Eyes Only."  Upon receiving such notice and replacement copies, the Receiving Party will thereafter treat the designated materials in accordance with the terms of this Protective Order and destroy any duplicate copies that do not contain the "Confidential" or "Attorneys' Eyes Only" stamp.

      10.    A Party will not be obligated to challenge the propriety of a designation as Confidential or Attorneys' Eyes Only Material at the time made, and a failure to do so will not preclude a subsequent challenge thereto.  If a Party objects to a Producing Party's designation of any discovery material as Confidential or Attorneys' Eyes Only Material and seeks to use such materials other than as permitted by this Protective Order, the objecting Party will so state by letter to counsel for the Producing Party. The Producing Party and the objecting Party will promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of such information under the terms of this Protective Order.  In the event the Parties are unable to resolve any dispute concerning treatment of information as Confidential Material, the objecting Party may, upon motion made to the Court and on notice to all Parties to this Protective Order, seek an order from the Court directing that such information will not be treated as Confidential or Attorneys' Eyes Only Material under this Protective Order.  The Producing Party will bear the burden to demonstrate that the designation of such discovery material as Confidential or Attorneys' Eyes Only Material is proper under the terms of this Protective Order.  Pending determination of such motion, any information previously designated as Confidential or Attorneys' Eyes Only Material will continue to be treated in accordance with its

original designation.

11. If a Party intends to use Confidential or Attorneys' Eyes Only Material in a deposition, the pages of the deposition transcript discussing such Confidential or Attorneys' Eyes Only Material will be marked "Confidential" or "Attorneys' Eyes Only" as necessary, and treated as Confidential or Attorneys' Eyes Only Material under this Protective Order.

12. A Producing Party's grant or consent to the disclosure of Confidential or Attorneys' Eyes Only Material to witnesses, deponents or other third parties or the filing or disclosure of Confidential or Attorneys' Eyes Only Material in Court will not constitute a waiver or withdrawal of the Producing Party's designation of such material, and will not relieve the Parties of their obligations to continue to handle such information in accordance with the terms of this Protective Order.

13. Nothing in this Protective Order will preclude any Party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information including, but not limited to, additional restrictions on disclosure to the Parties herein.

14. Except with the prior written consent of the Producing Party or upon prior order of a court with competent jurisdiction, Confidential Material may be disclosed only to the following categories of persons:

    a. Outside or in-house counsel for the Parties and employees of such counsel necessary to assist counsel with respect to the Litigation;

    b. Officers, directors, partners, principals, or employees of the Parties who may be necessary to assist the Parties in connection with the Litigation;

    c. Non-Party experts or consultants retained in good faith to assist with respect to the Litigation; only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation; provided that such expert or consultant (i) is not currently an employee of or consultant to,

    any competitor of any Party in the Litigation and (ii) is using said information solely in connection with this Litigation; and further provided that such expert or consultant signs an "Agreement to Maintain Confidentiality" substantially in the form of which is attached as **Exhibit A**, agreeing in writing to be bound by the terms and conditions of this Protective Order and consenting to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.  Counsel for the Party showing Confidential Material to any person required to execute an undertaking under this Protective Order will be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof;

 d. Witnesses or deponents in this Litigation and their counsel during the course of depositions or testimony in this Litigation or in preparation for depositions or testimony in this Litigation provided that counsel believes in good faith that such disclosure is necessary to the prosecution or defense of the Litigation; provided such witness or deponent was an author of, a recipient of, or had access to the document prior to this litigation; and further provided that such persons are first provided with a copy of this Protective Order and informed that this Court may be requested to impose sanctions for any use of Confidential Material other than as provided in this Protective Order; and the portions of any deposition transcript discussing Confidential Material shall be treated as Confidential Material under this Protective Order;

 e. Court reporters, stenographers, or video operators at depositions or proceedings at which Confidential Material is disclosed; and

 f. This Court and any other person designated by the Court, upon such terms as this Court may deem proper.

15. Except with the prior written consent of the Producing Party or upon prior order of a court with competent jurisdiction, Attorneys' Eyes Only information may be disclosed only to the following categories of persons:

 a. Outside counsel for the Receiving Party;

 b. Supporting personnel employed by, or whose job duties require them to assist outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

 c. Experts or consultants of the Receiving Party, provided that such expert or consultant signs an "Agreement to Maintain Confidentiality" substantially in the form of which is attached as **Exhibit A**, agreeing in writing to be bound by the terms and conditions of this Protective Order and consenting

        to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order. Counsel for the Party showing Attorneys' Eyes Only Material to any person required to execute an undertaking under this Protective Order will be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof;

    d.    Any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

    e.    A court reporter at a deposition; or

    f.    The Court and any Judge, clerk, or court employee with responsibility over any aspect of this litigation.

16,    If a Party needs to file Confidential or Attorneys' Eyes Only Material along with a motion, brief or other pleading, the Party may do so by filing such Confidential or Attorneys' Eyes Only Material under seal pursuant to Local Rule 79.3 without filing any separate application to do so. All such Confidential or Attorneys' Eyes Only Material which is submitted to the Court will be filed under seal via the Court's ECF system or in sealed envelopes or other appropriate sealed containers, which envelopes or containers will indicate: the title of the action to which it pertains; an indication of the nature of the contents of the sealed envelope or other container; and the phrase "CONFIDENTIAL MATERIAL" or words to that effect. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions, and other Confidential Material filed under seal with this Court in this Litigation which have been designated in whole or in part as Confidential or Attorneys' Eyes Only Material.

17.    This Protective Order will continue in full force and effect with respect to all Confidential and Attorneys' Eyes Only Material, whether or not offered into evidence at trial, until another order modifies, supersedes or terminates it, and will be enforceable as any other order of this Court. At the conclusion of this litigation (including exhaustion of all appeals), all

such Confidential or Attorneys' Eyes Only Material will be destroyed or returned to the Party who produced it, and no Party, expert, consultant or any other person or entity to whom such Confidential or Attorneys' Eyes Only Material was produced will retain any copies of such Confidential or Attorneys' Eyes Only Material.  This paragraph does not pertain to trial exhibits, pleadings or correspondence delivered in this Litigation.

18.     Sealed records which have been filed with the Clerk of the Court other than via the ECF system will be removed by the Party that submitted them (a) within ninety (90) days after a final decision is rendered if no appeal is taken, or (b) in an appeal is taken, within thirty (30) days after final disposition of the appeal.  Parties failing to comply with this paragraph will be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

19.     This Protective Order will have no effect on the admissibility or discoverability of any Confidential or Attorneys' Eyes Only Material.  By signing this Protective Order, the Parties do not agree that the information designated by any Producing Party as Confidential or Attorneys' Eyes Only Material is, in fact, confidential.

20.     Nothing herein will be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Producing Party to seek relief for inadvertent production or disclosure of material protected by privilege or work product protection pursuant to Rule 502(b) of the Federal Rules of Evidence.

21.      The Parties intend that this Protective Order bars production of Confidential or Attorneys' Eyes Only Information to third parties to the maximum extent permitted by law.

22.     If a Party or its counsel is served with a subpoena or other notice seeking production of Confidential or Attorneys' Eyes Only Material that it obtained under this

Protective Order, the Party upon whom such subpoena or other notice is served will give notice to the Producing Party, promptly and in writing, and sufficiently in advance of the requested production date to allow the Producing Party to object to the requested production. No Confidential or Material may be disclosed under such request unless and until (a) a court overrules the Producing Party's objection to the requested production; or (b) the Producing Party notifies the Party on whom such subpoena or other notice is served in writing that the Producing Party will not object to the requested production.

23. Nothing contained herein will prevent any Producing Party from using or disclosing Confidential Material that such Producing Party produced without having to comply with the terms of this Protective Order.

24. The Parties agree to be bound by the terms of this Protective Order upon its execution by the Parties and pending its entry by this Court. Without regard to whether this Court enters such an order, this Stipulated Protective Order shall be treated as a Confidentiality Agreement among the Parties, and any violation of its terms will be subject to the same sanctions and penalties as if this Protective Order had been entered by this Court.

25. Damages are an inadequate remedy for any breach of this Protective Order, and this Protective Order may be enforced by injunctive relief or specific performance, as appropriate.

26. The provisions of this Protective Order will, absent written consent of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation.

27. This Court will retain jurisdiction to make such amendments, modifications, deletions, or additions to this Protective Order as this Court may from time to time deem

necessary or appropriate.

28. This Protective Order will remain in full force and effect until another order, if any, modifies, supersedes or terminates it, and will be enforceable as any other order of this Court.

29. This Protective Order may be executed in counterparts.

IT IS SO ORDERED.

Signed _____, 2014.

_____
**JUDGE PRESIDING**

**AGREED BY**:

**COBB MARTINEZ WOODWARD PLLC**

By: */s/ Jonathan C. LaMendola*
Jonathan C. LaMendola
1700 Pacific Avenue, Suite 3100
Dallas, TX 75201
**214.220.5204**
**214.220.5254 Fax**
jlamendola@cobbmartinez.com

**ATTORNEYS FOR DEFENDANT**
**TURNKEY KIOSKS, LLC**

**DAVIS MILES MCGUIRE GARDNER**

By: */s/ David W. Williams*
David W. Williams
Joshua W. Carden
The Summit at Law Colinas
545 E. John Carpenter Freeway, Suite 300
Irving, TX 75062
**972.674.3885**
**972.674.2935 Fax**
dwilliams@davismiles.com
jcarden@davismiles.com

**ATTORNEYS FOR DEFENDANT**
**TURNKEY KIOSKS, LLC**

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **GANART TECHNOLOGIES, INC.** | § | |
| | § | **CIVIL ACTION NO.** |
| **VS.** | § | **3:14-CV-00616-BF** |
| | § | |
| **TURNKEY KIOSKS, LLC** | § | |

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I have received and read a copy of the Stipulated Protective Order regarding the confidentiality of discovery materials in this case and I agree to abide by its terms. I am not an employee of or a consultant to any competitor of any Party in the Litigation. I understand that Materials disclosed to me and designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are subject to various restrictions of use and disclosure, including the restriction that they are to be used solely in connection with this Litigation, and not for any business or other purpose whatsoever. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Texas for the purpose of enforcing my compliance with the Stipulated Protective Order.

**NAME:** _____

**ADDRESS:** _____

**PHONE:** _____

**SIGNATURE:** _____

**DATE:** _____