IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **GANART TECHNOLOGIES, INC.** | § | |
| | § | **CIVIL ACTION NO.** |
| VS. | § | **3:14-CV-00616-BF** |
| | § | |
| **TURNKEY KIOSKS, LLC** | § | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SET OF REQUESTS FOR ADMISSION**

**TO:** Defendant, TurnKey Kiosks, LLC, by and through its attorney of record, David W. Williams and Joshua W. Carden, Davis Miles McGuire Gardner, The Summit at law Colinas, 545 E. John Carpenter Freeway, Suite 300, Irving, Texas 75062

**COMES NOW,** Ganart Technologies, Inc., Plaintiff in the above-entitled and numbered cause and pursuant to the Texas Rules of Civil Procedure, files this its Objections and Responses to Defendant's First Requests for Admission.

        Respectfully submitted,

        **COBB MARTINEZ WOODWARD PLLC**
        1700 Pacific Avenue, Suite 3100
        Dallas, Texas 75201
        (214) 220-5204
        (214) 220-5254 (Fax)

        By: */s/ Jonathan C. LaMendola*
            **JONATHAN C. LaMENDOLA**
            Texas Bar No. 00792637
            email: jlamendola@cobbmartinez.com
            **DAVID R. WOODWARD**
            Texas Bar No. 21975650
            email: dwoodward@cobbmartinez.com

        **ATTORNEYS FOR PLAINTIFF GANART
        TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the following counsel of record either by hand-delivery, telefax, certified mail, return receipt requested, e-mail and/or regular U.S. mail on this 15th day of August, 2014.

    David W. Williams
    Joshua W. Carden
    Davis Miles McGuire Gardner
    The Summit at law Colinas
    545 E. John Carpenter Freeway, Suite 300
    Irving, TX 75062

                                            */s/ Jonathan C. LaMendola*
                                            **JONATHAN C. LaMENDOLA**

## REQUESTS FOR ADMISSION

1. Admit that you have no facts to support the allegations in Paragraph 10 of Ganart's Second Amended Complaint that "the Self-Service Registration at Kiosk process and software and the Assembly were the result of over two years of research and development by Ganart to perfect the capture of biometric images in support of Ganart's Know-Your-Customer (KYC) and Anti-Money Laundering complaint Self-Service Registration at Kiosk and biometric user authentication at kiosk which has been in commercial use since August 2011."

**RESPONSE:** Denied.

2. Admit that you have no facts to support the allegations in Paragraph 26 of Ganart's Second Amended Complaint that "prior to the demonstration(s), Robocoin's process for customer registration of bitcoin transfer used cell phones and QR codes."

**RESPONSE:** Denied.

3. Admit that you have no facts to support the allegations in Paragraph 26 of Ganart's Second Amended Complaint that the Robocoin process for customer registration "did not incorporate any biometric identification" and "the authentication process was substantially different from Ganart's authentication process."

**RESPONSE:** Denied.

4. Admit that you have no facts to support the allegations in Paragraph 26 of Ganart's Second Amended Complaint that the Robocoin process for customer registration "on or about October 28, 2013, [Robocoin's] process had substantially changed and was identical in features and process steps to Ganart's process."

**RESPONSE:** Denied.

5.   Admit that you have no facts to support the allegations in Paragraph 26 of Ganart's Second Amended Complaint that "TurnKey also provided Robocoin with Ganart's software-based customer registration and authentication process."

**RESPONSE:** Denied.

6.   Admit that you have no facts to support the allegations in Paragraph 29 of Ganart's Second Amended Complaint that "the software-based customer registration process used on Robocoin kiosk appears to be a replicate of Ganart's Self-Service Registration at Kiosk."

**RESPONSE:** Denied.

7.   Admit that you have no facts to support the allegations in Paragraph 30 of Ganart's Second Amended Complaint that "TurnKey has . . . violated the terms of the NDA with Ganart by providing Robocoin Technologies the Assembly."

**RESPONSE:** Denied.

8.   Admit that you have no facts to support the allegations in Paragraph 30 of Ganart's Second Amended Complaint that "TurnKey has . . . violated the terms of the NDA with Ganart by demonstrating Ganart's proprietary Self-Service Registration at Kiosk process to Robocoin."

**RESPONSE:** Denied.

9.  Admit that you have no facts to support the allegations in Paragraph 30 of Ganart's Second Amended Complaint that "TurnKey has . . . infringed upon the intellectual property of Ganart by providing Robocoin Technologies the entire Self-Service Registration at Kiosk process."

**RESPONSE:** Denied.

10. Admit that you have no facts to support the allegations in Paragraph 34 of Ganart's Second Amended Complaint that "Defendants have misappropriated Ganart's trade secrets through improper means."

**RESPONSE:** Denied.

11. Admit that you have no facts to support your contention that the "palm vein scanner assembly" constitutes a "trade secret" as defined by Tex. Civ. Prac. & Rem. Code § 134A.002(6).

**RESPONSE:** Denied.

12. Admit that you have no facts to support your contention that the "Self-Service Registration" constitutes a "trade secret" as defined by Tex. Civ. Prac. & Rem. Code § 134A.002(6).

**RESPONSE:** Denied.

13. Admit that you Ganart's Self-Service Registration at Kiosk software runs on a Linux-based operating system.

**RESPONSE:** Admit.

14. Admit that Ganart never provided TurnKey with access to the Linux root user protocols for Ganart's Self-Service at Registration software.

**RESPONSE:** Denied.

15. Admit that Ganart never provided TurnKey with any passwords to access the Self-Service Registration at Kiosk software.

**RESPONSE:** Admit Ganart did not provide TurnKey with passwords. Ganart denies that TurnKey did not access the Self-Service Registration at Kiosk software.

16. Admit that software provided on the hard drive by Ganart to TurnKey was compiled, and had no way for TurnKey to deconstruct the software.

**RESPONSE:** Denied.

17. Admit that whenever the Self-Service Registration at Kiosk software is activated on a kiosk, the software automatically and remotely alerts Ganart that the software has been activated.

**RESPONSE:** Denied.

18. Admit that the Self-Service Registration at Kiosk software is integrated into Ganart's Workplace Solution platform, and cannot be operated independent of the Workplace Solution platform.

**RESPONSE:**  Denied.