IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **GANART TECHNOLOGIES, INC.** | § | |
| | § | **CIVIL ACTION NO.** |
| VS. | § | **3:14-CV-00616-BF** |
| | § | |
| **TURNKEY KIOSKS, LLC** | § | |

## PLAINTIFF'S ORIGINAL EXPERT DISCLOSURES

**COMES NOW,** Plaintiff, Ganart Technologies, Inc. ("Ganart"), and serve this its Original Expert Disclosures pursuant the Court's Scheduling Order and FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2):

**Fed. R. Civ. P. 26(a)(2)(A):** In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**Response:**

  A. Wayne McHugh
    Ganart Technologies, Inc.
    1700 Columbian Club Drive
    Carrollton, TX 75006
    (972) 512-6993

  B. Safir Salihu
    Ganart Technologies, Inc.
    1700 Columbian Club Drive
    Carrollton, TX 75006
    (972) 512-6993

  C. Jonathan LaMendola
    Cobb Martinez Woodward PLLC
    1700 Pacific Avenue, Suite 3100
    Dallas, Texas 75201
    (214) 220-5200

  D. Maria Speth
    Mark Bogard
    Jaburg Wilk
    3200 N. Central Avenue, Suite 2000
    Phoenix, Arizona 85012
    (602) 248-1000

**Fed. R. Civ. P. 26(a)(2)(B):** Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

**Response:**   Wayne McHugh and Safir Salihu are employed by Ganart Technologies Inc. and have not been retained or specially employed to provide expert testimony in the case, nor do their duties regularly involve giving expert testimony. Attorney's fees experts do not need to provide a written report under FED. R. CIV. P. 26(a)(2)(B) because they are hired for their legal services and not retained or specially employed to provide expert testimony in the case. *See Cambridge Strategies, LLC v. Cook*, 2012 U.S. Dist. LEXIS 7367, *22-23 (N.D. Tex. Jan 23, 2012) (Lindsay, J.); *see also Jones v. Allstate Ins. Co.*, 2014 U.S. Dist. LEXIS 129122, 2-3 (N.D. Tex. Sept. 16, 2014) (Horan, Mag. J.).

**Fed. R. Civ. P. 26(a)(2)(C):** Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

>   **(i)**   the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

**Response:**

   A.   Wayne McHugh is the COO of Ganart Technologies, Inc.  Although a fact witness, McHugh may be called to offer expert testimony on the following subjects:

   Ganart's Workplace Solution™
   The development of the Assembly at issue in the lawsuit

   B.   Safir Salihu is the CTO of Ganart Technologies, Inc.  Although a fact witness, Salihu may be called to offer expert testimony on the following subjects:

   Ganart's Workplace Solution™
   The development of Ganart's software used in connection with Workplace Solution™

   C.   Jonathan LaMendola is expected to present evidence regarding the reasonableness and necessity of fees incurred by Ganart to prosecute this case in Texas, the reasonableness and necessity of procuring Arizona counsel to defend Turnkey's Arizona suit against Ganart, the hourly rates involved, the time and work involved, and how the fees were allocated by claim. Specifically, LaMendola will testify regarding the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b), and *El Apple, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012), and how those factors apply to this case.

   D.   Maria Speth and Mark Bogard are expected to present evidence regarding the reasonableness and necessity of fees incurred by Ganart to defend Turnkey's Arizona suit against Ganart, the hourly rates involved, the time and work involved, how the fees were allocated by

claim, and the reasonableness and necessity of procuring Arizona counsel to defend Turnkey's suit against Ganart. Specifically, Speth and Bogard will testify regarding the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b), and *El Apple, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012), and how those factors apply to this case.

**(ii)** a summary of the facts and opinions to which the witness is expected to testify.

**Response:**

A. Wayne McHugh is expected to testify that Workplace Solution™ is an automated wage handling and currency dispensing system that provides companies with a secure, in-house, and automated option for providing employees immediate access to earned wages when needed before the next scheduled pay period. Kiosks provide a physical interface with Workplace Solution™ through the use of Ganart's proprietary and patented software and hardware.

Ganart's patented software platform is known as Transaction-as-a-Service or TaaS®. It works in conjunction with a palm vein scanner assembly developed by Ganart and a palm secure cube by Fujitsu ("the Assembly"). The two capture a biometric image which supports Ganart's Know-Your-Customers (KYC) and Anti-Money Laundering (AML) Compliant Self-Service Registration at Kiosk System.

Ganart spent more than two years and hundreds of thousands of dollars researching and developing both the software and hardware necessary to capture, process, and authenticate biometric images and other data in support of Ganart's Self-Service Registration at Kiosk System which is part of Ganart's Workplace Solution™.

Ganart spent significant resources to address various issues associated producing a reliable, working Assembly, including development and testing to determine the appropriate dimensions and material to be used for the dome; the shape, design and placement of the finger and wrist guides; and, construction of the unit itself which incorporates the component parts of the Assembly that it could be integrated into a physical interface to access Ganart's Workplace Solution™.

McHugh will testify that Ganart's hardware and software as represented by the Assembly and Workplace Solution™ are trade secrets as defined by statute in that they are compilations, programs, devices, techniques and/or processes that derive independent economic value, actual or potential, from not being readily known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure and use and that they are subject to efforts that are reasonable under the circumstances to maintain their secrecy.

McHugh will offer testimony that TurnKey misappropriated Ganart's Assembly and process flow as evidenced by the kiosks TurnKey provided to Robocoin. The Robocoin kiosk deployed in Vancouver, Canada incorporated Ganart's Assembly and appears to duplicate Ganart's Self-Service Registration at Kiosk System.

B.  Safir Salihu is expected to testify that Workplace Solution™ is an automated wage handling and currency dispensing system that provides companies with a secure, in-house, and automated option for providing employees immediate access to earned wages when needed before the next scheduled pay period.  Kiosks provide a physical interface with Workplace Solution™ through the use of Ganart's proprietary and patented software and hardware.

Ganart's patented software platform is known as Transaction-as-a-Service or TaaS®.  It works in conjunction with a palm vein scanner assembly developed by Ganart and a palm secure cube by Fujitsu ("the Assembly").  The two capture a biometric image which supports Ganart's Know-Your-Customers (KYC) and Anti-Money Laundering (AML) Compliant Self-Service Registration at Kiosk System.

Ganart spent more than two years and hundreds of thousands of dollars researching and developing both the software and hardware necessary to capture, process, and authenticate biometric images and other data in support of Ganart's Self-Service Registration at Kiosk System which is part of Ganart's Workplace Solution™.

Ganart spent significant resources developing the software to provide multifunctional services in a self-service environment which is both KYC and AML complaint.  This included developing, creating and testing a process flow that would allow users to register, or login if previously registered; access a user profile; and, capture and authenticate identification data including government issued identification, photographs, biometric data and other identifying data.  Ganart created the software which implements this process flow.

Salihu will testify that Ganart's hardware and software as represented by the Assembly and Workplace Solution™ are trade secrets as defined by statute in that they are compilations, programs, devices, techniques and/or processes that derive independent economic value, actual or potential, from not being readily known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure and use and that they are subject to efforts that are reasonable under the circumstances to maintain their secrecy.

Salihu will offer testimony that TurnKey misappropriated Ganart's Assembly and process flow as evidenced by the kiosks TurnKey provided to Robocoin.  The Robocoin kiosk deployed in Vancouver, Canada incorporated Ganart's Assembly and appears to duplicate Ganart's Self-Service Registration at Kiosk System.

C.  Jonathan LaMendola will testify regarding the fees incurred to litigate this case.  LaMendola will opine that his hourly rate and the hourly rates of other attorneys at his law firm are reasonable for Dallas, Texas in light of the factors involved in this litigation.  LaMendola will offer testimony that the fees incurred were reasonable and necessary for this case.  He will also address the total amount of fees incurred.

D.  Maria Speth and Mark Bogard will present evidence regarding the fees incurred to defend Turnkey's Arizona suit against Ganart.  They will opine that her hourly rate, and the hourly rates of other attorneys at their law firm, are reasonable for Phoenix, Arizona in light of the factors involved in this litigation.  They will opine that the following rates were reasonable and necessary for this case:

Rate for Speth and other firm partners: $375 per hour

Rate for Bogard and other firm attorneys: $250 per hour

The amount of attorney's fees incurred by Ganart in Arizona was $10,606.54 through December 2014. *See* Turnkey-Ganart 756-771.  Ganart reserves the right to supplement this amount through trial, post-trial motions, and any appeals.

Signed this 30th day of January, 2015.

                **Respectfully submitted,**

                **COBB MARTINEZ WOODWARD PLLC**
                1700 Pacific Avenue, Suite 3100
                Dallas, Texas  75201
                (214) 220-5204
                (214) 220-5254 (Fax)

                By: */s/ Jonathan C. LaMendola*
                      **JONATHAN C. LaMENDOLA**
                      Texas Bar No. 00792637
                      email: jlamendola@cobbmartinez.com
                      **DAVID R. WOODWARD**
                      Texas Bar No. 21975650
                      email: dwoodward@cobbmartinez.com

                **ATTORNEYS FOR PLAINTIFF GANART TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the following counsel of record either by hand-delivery, telefax, eservice, email, certified mail, return receipt requested and/or regular U.S. mail on this 30th day of January, 2015.

    David W. Williams
    Joshua W. Carden
    Davis Miles McGuire Gardner
    545 E. John Carpenter Freeway, Suite 300
    Irving, TX 75062

                */s/ Jonathan C. LaMendola*
                **JONATHAN C. LaMENDOLA**