IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **GANART TECHNOLOGIES, INC.** | § | |
| | § | **CIVIL ACTION NO.** |
| VS. | § | **3:14-CV-00616-BF** |
| | § | |
| **TURNKEY KIOSKS, LLC** | § | |

**PLAINTIFF'S OBJECTION AND MOTION TO STRIKE EVIDENCE SUPPORTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMEMT**

Plaintiff Ganart Technologies, Inc. ("Ganart") submits the following Objection and Motion to Strike Evidence Supporting Defendant's Motion for Summary Judgment.

### EVIDENTIARY OBJECTION AND MOTION TO STRIKE

Ganart objects to Exhibit 10 of Defendant's *Appendix in Support of Defendant Turnkey Kiosk, LLC's Motion for Summary Judgment*. Exhibit 10 (Doc. 41, pp. 86-88) ("Exhibit 10") is an unauthenticated press release from a third party website that is hearsay and not admissible evidence. FED. R. EVID. 802; *see e.g. Loussier v. Universal Music Group, Inc.*, 2005 U.S. Dist. LEXIS 37545 *11-12 (S.D. N.Y. 2005) (website printout is inadmissible hearsay); *Baseball at Trotwood, LLC v. Dayton Prof'l Baseball* Club, 2003 U.S. Dist. LEXIS 27460 at * 105 (W.D. Ohio September 2, 2003) (press release is inadmissible hearsay).

Further, Exhibit 10 is inadmissible because it is irrelevant. FED. R. EVID. 402. The process described in the press release facilitates healthcare registration, rather than financial transactions like Ganart's process. *See* Exhibit 10. The press release does not mention whether the process ensures AML compliance. *Id.* And to the extent that the process is similar to Ganart's registration process, the existence of a similar technology is not relevant to whether Plaintiff's technology is a trade secret. *See K & G Oil Tool & Service Co. v. G & G Fishing Tool Service*, 158 Tex. 594, 599 (Tex. 1958) (finding a trade secret when there were "five or six patents" for

similar technology); *BBA Nonwovens Simpsonville, Inc. v. Superior Nonwovens, LLC*, 303 F.3d 1332, 1340 (Fed. Cir. 2002) ("Although [Defendant] cites various published references showing summary descriptions of similar technology, substantial evidence of record establishes that the particular combination used by [Plaintiff] was not generally known or readily ascertainable by the public.").

Because the press release is inadmissible hearsay and is irrelevant, Ganart moves for the Court to strike the evidence.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ganart Technologies, Inc. prays that the Court sustain its objections and strike Exhibit 10 from Defendant's *Appendix in Support of Defendant Turnkey Kiosk, LLC's Motion for Summary Judgment*.

                                        **Respectfully submitted,**

                                        **COBB MARTINEZ WOODWARD PLLC**
                                        1700 Pacific Avenue, Suite 3100
                                        Dallas, Texas  75201
                                        (214) 220-5204
                                        (214) 220-5254 (Fax)

                                        By:  */s/ Jonathan C. LaMendola*
                                              **JONATHAN C. LaMENDOLA**
                                              Texas Bar No. 00792637
                                              email: jlamendola@cobbmartinez.com
                                              **DAVID R. WOODWARD**
                                              Texas Bar No. 21975650
                                              email: dwoodward@cobbmartinez.com
                                              **BRIAN SAWYER**
                                              Texas Bar No. 24081976
                                              email: bsawyer@cobbmartinez.com

                                        **ATTORNEYS FOR PLAINTIFF GANART TECHNOLOGIES, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 9, 2015, I conferred with David W. Williams, counsel for Defendant, and Defendant opposes this motion.

*/s/ Brian Sawyer*
**BRIAN SAWYER**

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means: David W. Williams and Joshua W. Carden.

*/s/ Jonathan C. LaMendola*
**JONATHAN C. LaMENDOLA**
**BRIAN SAWYER**