IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GANART TECHNOLOGIES, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:14-CV-616-BF |
| TURNKEY KIOSKS, LLC, | § § § | |
| Defendant. | § § | |

## ORDER

In its amended complaint filed in this removed civil action, plaintiff Ganart Technologies, Inc. ("Ganart") requests a temporary injunction under Texas Civil Practice and Remedies Code §§ 65.011 and 134A.003 prohibiting defendant TurnKey Kiosks, LLC ("TurnKey") and former defendant Robocoin Technologies, LLC ("Robocoin") from engaging in certain activities that allegedly violate a Non-Disclosure and Confidentiality Agreement ("NDA") executed by Ganart and TurnKey on December 6, 2011. *See* Pl. Sec. Am. Compl. (Doc. 22) at 11, ¶ 60. Ganart contends that temporary injunctive relief is appropriate because "[i]t is probable that Ganart will recover from [TurnKey and Robocoin] after a trial on the merits because . . . TurnKey has violated the terms of the NDA and [TurnKey and Robocoin] have improperly used Ganart's proprietary hardware and software." *Id.* at 12, ¶ 61.

Subsequent events and revelations have rendered much of Ganart's requested relief moot. In particular, Ganart has dismissed all of its claims against Robocoin for injunctive relief and damages. *See* Not. of Dism. (Doc. 32) at 1. Ganart has further advised the court that it does not

oppose TurnKey's recently-filed motion for summary judgment on its claims for conspiracy and aiding and abetting liability. *See* Pl. Resp. to Def. MSJ (Doc. 44) at 1. TurnKey has filed a motion for summary judgment, in which it argues, among other things, that Ganart's misappropriation of trade secrets claim fails because: (1) the proprietary hardware and software identified by Ganart as trade secrets do not constitute protectable trade secrets, and (2) TurnKey did not provide Ganart's alleged trade secrets to Robocoin or any other third parties. In its response, Ganart concedes that it disclosed its "Self-Service Registration at Kiosk" process in a patent application published on December 19, 2013 and, thus, the process is no longer secret or entitled to protection from further disclosure under Texas law. *See id.* at 14, ¶ 56. Ganart also admits that it does not know whether TurnKey provided software enabling the "Self-Service Registration at Kiosk" process to Robocoin. *Id.* at 15, ¶ 59. Accordingly, Ganart now contends that the summary judgment record establishes genuine fact issues exist as to whether its confidential and proprietary material constitute trade secrets and whether TurnKey violated the NDA. *See id.* at 18, ¶ 70.

A threshhold issue as to whether Ganart is entitled to temporary injunctive relief is whether the proprietary hardware and software Ganart presently identifies as trade secrets actually constitute protectable trade secrets. The record developed in connection with Ganart's initial request for relief no longer accurately represents the parties' contentions or the facts necessary to the determination of this issue. The court therefore determines that the issue should be determined based on the record as developed in connection with TurnKey's motion for summary judgment. The pending summary judgment motion has been fully briefed, and a related motion to strike certain portions of Ganart's response and appendix will be fully briefed in a few weeks. Thereafter, both motions will be ripe for determination, and the court will rule on those motions in due course.

Accordingly, Ganart's request for temporary injunctive relief is denied without prejudice. If TurnKey's summary judgment motion is denied, the court will reconsider Ganart's request for temporary injunctive relief *sua sponte*.

SO ORDERED, March 19, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE